UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| DONALD DAVIS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Cause No. 2:14-cv-341 |
| JOHN BUNCICH, *et al.*, | ) |
| Defendants. | ) |

OPINION AND ORDER

Donald Davis, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983, identifying the previously unnamed Lake County Jail officers who held him under substandard conditions for two days at the Lake County Jail. (DE 62.) Initially, Davis was granted leave to proceed against Sheriff Buncich in his official capacity. However, I informed Davis that, because service could not be made on an unnamed defendant, he would need to file an amended complaint once he obtained the name of the Lake County Jail officers.

I must review the amended complaint and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602–03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, I must bear in mind that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Davis again alleges he was housed under substandard conditions while at the Lake County Jail on February 20, 2013, through February 21, 2013. He claims that when he arrived at the jail on February 20, 2013, Officers Citris Palango and Kathy Escobed placed him in a freezing cold holding cell without a blanket and required him to sleep on a dirty concrete floor. He asserts that they did not give him any toilet paper, shower shoes, or socks. Based on these events, Davis sues Sheriff Buncich, in his official capacity, and Captain Dave May, Officer Palango, and Officer Escobed for violating his Eighth Amendment rights.

In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*,

452 U.S. 337, 349 (1981), inmates are entitled to be provided with adequate food, clothing, bedding, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006); *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

Although Davis's amended complaint is not heavy on detail, I conclude that he has stated enough to proceed on a claim that he was denied the minimal civilized measure of life's necessities for two days. As recounted above, he claims that Palango and Escobed made him sleep on the concrete floor of a freezing cold cell without any blankets. Further, they never provided him with toilet paper, socks or shower shoes. Giving Davis the benefit he is entitled to at this stage, he has adequately alleged a claim for inadequate conditions of confinement against Palango and Escobed.

Sheriff Buncich has been sued in his official capacity for his role in overseeing the

operations of the Lake County Jail. Suing a "government employee in his official capacity is akin to suing the entity that employs him and the standard for liability is the same." *Second Amendment Arms v. City of Chicago*, No. 10-cv-4257, 2012 WL 4464900, at *4 (N.D. Ill. Sept. 25, 2012). Thus, a claim against Sheriff Buncich in his official capacity can only be successful if the plaintiff establishes that the actions on which liability is predicated took place pursuant to a government policy or custom. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978); *Schor v. City of Chicago*, 576 F.3d 775, 779 (7th Cir. 2009). Davis has already been given leave to proceed against Sheriff Buncich. Again, giving Davis the benefit he is entitled to at this early stage, he has plausibly alleged that he was subjected to unconstitutional conditions of confinement at the Lake County Jail, which may have been the result of the Lake County Jail's policy or custom.

Finally, Davis seeks to hold May responsible for the actions of Palango and Escobed because he was their supervisor. However, because there is no general *respondeat superior* liability under 42 U.S.C. § 1983, May cannot be held liable simply because he supervises those officers. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Therefore, May must be dismissed from this case.

Accordingly:

(1) Davis is **GRANTED** leave to seek money damages against Sheriff Buncich in his official capacity for the Lake County Jail having a policy or custom which resulted in the jail failing to provide Davis with adequate bedding, clothing, heat, and sanitation while at the Lake County Jail on February 20, 2013 through February 21, 2013, in

violation of the Eighth Amendment;

(2) Davis is **GRANTED** leave to proceed against Citris Palango and Kathy Escobed in their individual capacities for money damages for failing to provide him with adequate bedding, clothing, heat, and sanitation while at the Lake County Jail on February 20, 2013, through February 21, 2013, in violation of the Eighth Amendment;

(3) May is **DISMISSED** from this cause of action;

(4) any and all other claims contained in the complaint are **DISMISSED**;

(5) the clerk is **DIRECTED** to transmit the summons and USM-285 forms for Palango and Escobed to the United States Marshals Service;

(6) the United States Marshals Service is **DIRECTED** to effect service of process on Palango and Escobed;[1] and

(7) defendants Sheriff Buncich, Palango, and Escobed are **ORDERED,** pursuant to 42 U.S.C. § 1997(g)(2), to respond to the claims that survive this screening order, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b).

**SO ORDERED**.

**ENTERED:** February 10, 2016.

                                            s/ Philip P. Simon
                                            CHIEF JUDGE
                                            UNITED STATES DISTRICT COURT

---

[1] Sheriff Buncich has already been served and appeared in this case.