UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DONALD DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 2:14-cv-341 ) |
| JOHN BUNCICH, CITRIS PALANGO, AND KATHY ESCOBED, | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Donald Davis, a *pro se* prisoner, filed this action under 42 U.S.C. § 1983, alleging that he was subjected to substandard conditions of confinement at Lake County Jail on February 20, 2013 and February 21, 2013. Specifically, he alleges that Citris Palango and Kathy Escobed placed him in a freezing cold holding cell with no blanket, required him to sleep on the concrete floor, and did not give him toilet paper, shower shoes, or socks. Based on these allegations, I granted Davis leave to pursue his Eighth Amendment claims against Lake County Sheriff John Buncich as well as Officers Palango and Escobed. Defendants now move for summary judgment, on grounds that Davis did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). (DE 71.) For the reasons below, the motion is taken under advisement, and Davis is ordered to supplement the record.

## Discussion

Summary judgment must be granted when "there is no genuine dispute as to any

1

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Here, the undisputed facts show that Davis was housed at Lake County Jail from February 20, 2013, to April 8, 2013, and that the jail has a formal grievance process in place. (DE 72-1 ¶¶ 3, 5; DE 72-2 at 20.) The grievance process has two steps: an attempt at informal resolution and submission of a written grievance. (DE 72-2 at 20.) The jail keeps a record of all filed grievances, and those records do not show that Davis ever filed a grievance regarding the events giving rise to this lawsuit. (DE 72-1 ¶¶ 8, 9.)

Based on these facts, the defendants argue that the complaint should be dismissed because Davis has not exhausted the administrative remedies as required by 42 U.S.C. § 1997e(a). (DE 71.) "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The Seventh Circuit takes a "strict

2

compliance approach to exhaustion[,]" which means that a prisoner must take each of the required steps in the process. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Id.*

Davis does not dispute that he did not go through the jail's grievance process before he filed this case, but the complaint alleges facts that might suggest that the jail's grievance process was unavailable to Davis from February 21, 2013, through March 29, 2013. (DE 79 at 7.) Under applicable law, a prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006); *Dole*, 438 F.3d at 809. An administrative remedy is unavailable, for example, "if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting" his remedies. *Dole*, 438 F.3d at 812.

The complaint alleges that "a lady corrections officer" was hostile to Davis on February 21, 2013 and that the defendants oversaw his housing pod during those dates, but it fails to identify any efforts Davis made to use the jail's grievance process and how those efforts were frustrated by the hostile correctional officer and/or the defendants' oversight of his housing pod. (DE 79 at 7, 12–13.) In addition, Davis has not sworn to the facts alleged in the complaint under penalty of perjury. That would ordinarily be the end of the matter, but, given that Davis is proceeding *pro se*, he may not have known the proper format or the level of detail required for his filings. What Davis has filed

3

suggests that he may be able to establish a triable issue of fact regarding whether he exhausted administrative remedies requiring a *Pavey* hearing, but more detail is needed before that determination can be made. *See generally Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

When a party has failed to adequately support an assertion of fact in connection with a motion for summary judgment, I have discretion to afford that party an opportunity to properly support that fact. *See* Fed. R. Civ. P. 56(e); *see also Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1109 (7th Cir. 2014). In the interest of justice, and in light of Davis's *pro se* status, I will give him an opportunity to file a sworn declaration or affidavit with additional information about his efforts to exhaust. The declaration or affidavit must address the specific issues listed below and may include other relevant details about Davis's efforts to exhaust. Davis may also submit any supporting documentation he has or can obtain. The defendants will be given an opportunity to respond to this filing.

## Conclusion

Accordingly, the Joint Motion for Summary Judgment (DE 71) is **TAKEN UNDER ADVISEMENT** pending receipt of supplemental information from the plaintiff. Davis is **DIRECTED** to submit a sworn declaration or affidavit with the following information **no later than December 6, 2016**:

> (1) the specific action(s) Davis took to informally resolve his grievance and the date(s) on which he took those actions;
>
> (2) the specific action(s) Davis took to file a grievance and the date(s) on which he

took those actions; and

(3) all oral, verbal, or other response(s) by jail staff that hindered Davis's efforts to informally resolve and/or file his grievance, along with;

    (a) the person's name and title (or, if unknown, his/her description);

    (b) what action each person took that deterred Davis from informally resolving or filing a grievance;

    (c) the date(s) on which Davis interacted with each staff member; and

    (d) any other relevant information, such as what Davis said to these individuals and their response(s).

In addition, the defendants are **GRANTED** leave **until December 19, 2016** to respond any filing by the plaintiff. Finally, Davis is **CAUTIONED** that failure to provide the information outlined above may result in the summary judgment motion being granted without further notice.

    **SO ORDERED.**

    ENTERED: November 8, 2016.

                                            s/ Philip P. Simon
                                            CHIEF JUDGE
                                            UNITED STATES DISTRICT COURT