UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DONALD DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 2:14-cv-341 |
| | ) | |
| JOHN BUNCICH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# OPINION AND ORDER

Donald Davis, a *pro se* prisoner, is suing Lake County Sheriff John Buncich and Lake County Jail Officers Citris Palango and Kathy Escobed for allegedly subjecting him to substandard conditions of confinement at the Lake County Jail on February 20, 2013 and February 21, 2013. (DE 62 at 3–4.) He claims that, when he arrived at the Lake County Jail, he was placed in a freezing cold holding cell without a mattress or blanket and required to sleep on a cold concrete floor. (*Id.* at 4; DE 82 at 1.) He also asserts that he was not given any toilet paper, shower shoes, or socks. (DE 62 at 4.) The defendants move for summary judgment on the ground that Davis failed to exhaust his administrative remedies before filing suit as required by 42 U.S.C. § 1997e(a). (DE 71.) Davis's initial response to the motion was too vague to withstand the defendants' motion, so I took it under advisement and gave him an opportunity to provide additional details about his efforts to exhaust his administrative remedies. (*See* DE 81.) He has now done that, but, because he filed his supplemental response several days

1

late, the defendants move to strike it. (DE 82; DE 84.) The motion to strike will be denied, but the undisputed facts nevertheless show that Davis did not exhaust the available administrative remedies at the Lake County Jail before filing suit, so the motion for summary judgment must be granted.

**Background**

Davis was housed at Lake County Jail from February 20, 2013, through April 8, 2013. (DE 72-1 at 1.) He does not dispute that during that time, the Lake County Jail had inmate grievance procedures in place, which were set out in the Lake County Jail Inmate Handbook provided to Davis during his initial booking. (DE 72-1 at 1–3; DE 72-2 at 20.) The grievance process has two steps: (1) an attempt at informal resolution; and (2) if irresolvable, a submission of a written grievance within 72 hours of the incident. (DE 72-1 at 2; 72-2 at 20.)

Davis claims that he was initially prevented from filing a grievance by jail personnel. First, Davis alleges that he "went to the big picture window of his holding cell, beat[] on the glass, and wav[ed] at jail guards" on February 20, 2013, but that the guards ignored him. (DE 82 at 1–2.) Davis claims he made his second attempt to file a grievance the following morning, when he was being moved from the holding cell to the VA Pod. While in the VA Pod, he used a cell intercom "to ask to talk with a sergeant or a lieutenant about the treatment he went through on February 20, 2013, and to ask for his legal materials," but an unidentified female officer told him to get off the intercom because it was to be used only for emergencies. (*Id.* at 2.) He tried a third time later that

2

morning when jail guards came to the VA Pod to take Davis to court. (*Id.*) Davis asked them if he could "talk to a sergeant or a[] lieutenant." (*Id.* at 3.) The officers told him that they were there to take him to court and that he would have to wait until after returning to speak with a sergeant. (*Id.*) Nevertheless, there is no evidence in the record that Davis attempted to talk to a sergeant when he arrived back from court.

On March 14, 2013, Davis had a medical emergency and was taken to Methodist Hospital, where he underwent surgery to remove an ulcer. (*Id.*) On March 19, 2013, he was released from the hospital back to the Lake County Jail and placed in Pod 4D1 to recover. (*Id.*) While there, Davis spoke with some unnamed sergeants who told him that someone would soon see him about whatever issues he may have. (*Id.* at 3–4.) On March 29, 2013, Davis was released back to general population. (*Id.* at 4.) On that day, Davis spoke with a "Lady Major" about his need to file a grievance. (*Id.*) She arranged for Davis to be given a grievance form, which he completed and ultimately filed as Grievance #0233. (*Id.* at 4.) Davis claims he could not have filed Grievance #0233 before March 29, 2013. (DE 82 at 4.)

Although Davis asserts that Grievance #0233 pertained to the claims in this suit, that grievance does not mention the conditions of Davis's confinement in February 2013 and instead complains that his legal documents went missing when he was transported to Methodist Hospital on March 14, 2013. (DE 79 at 16.) In addition, records kept by the Lake County Jail do not show any other attempt to grieve the events giving rise to this lawsuit. (DE 72-1 at 3.)

3

## Discussion

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence [he] contends will prove [his] case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Pursuant to the Prison Litigation Reform Act, prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The failure to exhaust is an affirmative defense for which the defendant bears the burden of proof. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The Seventh Circuit Court of Appeals has taken a "strict compliance approach to exhaustion." *Id.* Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative

process has failed to exhaust state remedies." *Id.* at 1024.

The defendants argue that they are entitled to summary judgment because Davis never filed a grievance about the claims in this lawsuit. (DE 72 at 3.) In response, Davis asserts that he exhausted his administrative remedies when he filed Grievance #0233. (DE 82 at 4, 7.) So the issue is whether Grievance #0233 adequately exhausted Davis's administrative remedies as to his claim that the defendants housed him in substandard conditions on February 20, 2013 and February 21, 2013.

It is clear that it did not. Grievance #0233 complains about legal paperwork that allegedly went missing on March 14, 2013, not about Davis being housed in substandard conditions of confinement on February 20, 2013 and February 21, 2013:

> On March 14th, 2013, I Mr Donald Davis went to the Methodist Hospital for a medical emergency from VA 109. I came back to the Lake County jail on March 19, 2013 and was put on 4D1. All of my personal legal materials are missing. Two court order 9 case laws. Post-conviction relief. I have briefs missing. I have a State writ of habeas corpus missing. Lawsuit info missing, I have ask everyone about my information and no one can tell me what has happened to my legal work.

(DE 79 at 16.) Thus, the grievance itself belies Davis's contention that he filed a grievance related to his claims here. *See Peterson v. Rogan*, No. 2:11-cv-0007, 2012 WL4020996, *3 (S.D. Ind. Sept. 12, 2012) (noting that a plaintiff's characterization of his grievances can be overcome by the grievance documents themselves). Because Davis did not include the issues raised in this lawsuit in his grievance, he did not exhaust the administrative remedies with regards to the claims he brought in this lawsuit.

Davis alternatively suggests that he should be excused from exhausting his

5

administrative remedies because they were unavailable to him from February 20, 2013 until March 29, 2013. (DE 82 at 4.) It is true that inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). "[A] remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). When determining whether an administrative remedy was effectively unavailable, the question is whether the inmate did "all that was reasonable to exhaust" under the circumstances. *Dole*, 438 F.3d at 812. When there are disputed issues of fact pertaining to whether the plaintiff exhausted, I am required to hold a hearing to resolve those disputes. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

Nothing in the record before me suggests that the administrative process was unavailable to Davis between February 20, 2013 through March 29, 2013. He emphasizes his three attempts to speak with a sergeant or lieutenant between February 20, 2013 and the morning of February 21, 2013, but those unsuccessful attempts do not demonstrate that administrative remedies were unavailable to Davis because a person of "ordinary firmness" would not have been deterred from exhausting under the circumstances. *See Schultz v. Pugh*, 728 F.3d 619, 621 (7th Cir. 2013). In what he characterizes as his first attempt, he never actually talked to anyone. In his second attempt, he was in a holding cell and used an intercom reserved for emergencies to ask to speak with a sergeant or lieutenant but was told not to use the intercom for non-

6

emergency matters. In his third attempt, he asked the officers transporting him to court if he could speak with a sergeant or lieutenant. They told him that he would have to try to speak to a supervising correctional officer when he returned from court, which he appears not to have done.

After that, Davis made no further attempts to file a grievance before he was sent to Methodist Hospital three weeks later on March 14, 2013. Nothing in the record suggests that he was prevented from filing a grievance during that time—whether the grievance he should have filed before filing this case or the one he ultimately did file about missing legal paperwork. Davis did not do "all that was reasonable to exhaust" under the circumstances, and so he cannot be excused from complying with the exhaustion requirements.

**Conclusion**

For all of these reasons, I conclude that administrative remedies were available to Davis at the Lake County Jail but that he did not take advantage of them with regard to the claims underlying this case. Because "exhaustion must precede litigation," the defendants' summary judgment motion must be granted. *See Ford*, 362 F.3d at 398. Because "all dismissals under § 1997e(a) should be without prejudice," this case will be dismissed without prejudice. *Id.* at 401.

Accordingly, the defendants' motion to strike (DE 83) is **DENIED**, and the motion for summary judgment (DE 71) is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e(a).

**SO ORDERED**.

ENTERED: February 23, 2017.

                                                  s/ Philip P. Simon
                                                  JUDGE, UNITED STATES DISTRICT COURT